## Naughton v. McNamara

*James J. Powell*, for plaintiff.
*Ralph Needle*, for defendant.

EAGEN, J., July 29, 1942.—This is an action in assumpsit wherein the sheriff's return of the writ of summons says: "Served Helen C. McNamara on her agent, George Munchak, at his residence, 640 N. Washington Avenue."

Defendant appeared d. b. e. and petitioned the court to set aside the service of the summons. She alleges that, at the time of the institution of this suit, she was a resident of the City of Philadelphia and was not engaged in any business within the confines of Lackawanna County and further that George Munchak was not her agent as contemplated by the acts of the legislature providing for the service of writs. Upon a rule granted, depositions were taken which show conclusively that defendant is not and has not been a resident of this county for some time. The only facts in support of the service of the summons are that she is the owner of a piece of real estate in the City of Scranton and that for the past two years George Munchak, as her agent, has collected rent for the premises and negotiated a lease therefor. The service of the summons is apparently meant to be under the Act of July 9, 1901, P. L. 614, sec. 1(*e*), which provides that the writ of summons may be served upon an individual "By handing

a true and attested copy thereof, at his place of business, to his agent, partner, or the person for the time being in charge thereof, if upon inquiry thereat his residence in the county is not ascertained, or if for any cause an attempt to serve at his residence has failed."

The service of the summons is fatally defective. A return which sets forth that a summons was served upon defendant by handing a copy thereof to an agent is fatally defective, if it fails to aver it was impossible to ascertain defendant's residence within the county or to serve him there: Kunsman v. Brady, 20 D. & C. 533; Federal Discount Co. v. Oldinsky et al., 20 D. & C. 683.

The return in the case at bar does not mention any inquiry nor does it state an attempt to serve it at the residence failed. The service of the summons is also defective for another very substantial reason. The making of George Munchak agent for the collection of rents and the leasing of her one piece of real estate did not make him an agent for the service of the summons within the meaning of the above-quoted statute. Defendant did not have a place of business nor an agent as contemplated by this act.

"The word 'business' means engaged in merchandising, manufacturing, or in pursuit of mechanical arts; it does not include one who merely rents or offers for sale through an agent, real estate situate in the county in which the suit is brought.": Smith et al. v. Cook, 43 D. & C. 608, 610.

Wherefore, July 29, 1942, the rule to show cause why the service of the summons in the above-entitled case should not be set aside is made absolute.